IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP PERDUE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 20-3422 |

MEMORANDUM

Bartle, J.                                    December 22, 2020

Plaintiff Phillip Perdue brings suit against the
following defendants under 42 U.S.C. § 1983: the City of
Philadelphia; Blanche Carney; Michelle Farrell; Siddharth
Sagreiya, M.D.; Susamma Varghese, R.N.; Constance Ori Chisom,
C.R.O.; Bang Quang, R.N.; Sigy George, C.R.N.P.; L. Jenes; the
Montgomery County Department of Corrections; Julio A. Algarin;
Corporal Baker; Corrections Officer Colbreath; and the Delaware
County Department of Corrections.[1]  Plaintiff claims that
defendants violated his constitutional rights under the Eighth
and Fourteenth Amendments with respect to his medical care while
he was a pre-trial detainee in Philadelphia, Montgomery County,
and Delaware County.

_____

1.   On September 10, 2020, this court issued an order
permitting plaintiff to amend his complaint to designate
defendant Delaware County Department of Corrections as GEO
Secure Services, LLC.

Before the court is the motion of defendants
Montgomery County Department of Corrections, Julio Algarin,
Corporal Baker, and Corrections Officer Colbreath ("the MontCo
defendants") and the motion of defendant GEO Secure Services,
LLC ("the DelCo defendant") to dismiss plaintiff's complaint for
failure to state a claim under Rule 12(b)(6) of the Federal
Rules of Civil Procedure.

I.

When considering a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the court must accept as true
all well-pleaded factual allegations in the complaint and draw
all reasonable inferences in the light most favorable to the
plaintiff.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233
(3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59,
64 (3d Cir. 2008).  We must then determine whether the pleading
at issue "contain[s] sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its
face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

II.

The MontCo defendants move to dismiss plaintiff's
claims brought under the Eighth Amendment.  The Eighth Amendment
only applies after there has been a formal adjudication
following due process of the law and does not apply to pre-trial

-2-

detainees.  <u>See</u> <u>Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d
575, 581 (3d Cir. 2003).  Rather, the due process clause of the
Fourteenth Amendment provides protections to pre-trial detainees
such as plaintiff.  <u>Id.</u>  As plaintiff in this action has brought
his claims under both the Eighth Amendment and the Fourteenth
Amendment, we will allow this matter to proceed as pleaded under
the Fourteenth Amendment.  All claims under the Eighth Amendment
will be dismissed.

In addition, the MontCo defendants explain in their
motion to dismiss that plaintiff has incorrectly sued the
Montgomery County Department of Corrections which is not a legal
entity with the capacity to be sued.  However, the MontCo
defendants agree to the substitution of the County of Montgomery
as the proper legal entity rather than the Montgomery County
Department of Corrections.  Plaintiff likewise agrees to this
substitution in his opposition to the MontCo defendants' motion
to dismiss.  As such, this court will dismiss the Montgomery
County Department of Corrections as a defendant, and the County
of Montgomery will be substituted as a named defendant in its
stead.

The MontCo and DelCo defendants raise additional
arguments that plaintiff has failed to state claims for relief
against them.  The court disagrees.  Plaintiff has pleaded
sufficient factual allegations in the complaint to withstand a

-3-

motion to dismiss and allow discovery to proceed.  <u>See</u> <u>Spruill</u>
<u>v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004); <u>Durmer v. O'Carroll</u>, 991
F.2d 64 (3d Cir. 1993).  The court, of course, expresses no
opinion as to whether plaintiff can succeed on the merits.

 The motion of the MontCo defendants to dismiss claims
under the Eighth Amendment will be granted.  The motion to
dismiss the Montgomery County Department of Corrections will
also be granted, and the County of Montgomery will be
substituted as a defendant in its place.  The motions to dismiss
will otherwise be denied.[2]

---

2.   GEO Secure Services, LLC does not move to dismiss
plaintiff's Eighth Amendment claims.